UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY MORENO, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VI-JON, LLC.,<br><br>Defendant. | Case No.: 20cv1446 JM(BGS)<br><br>**ORDER ON MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |
|---|---|

Presently before the court is Defendant Vi-Jon, LLC's Motion to Dismiss Plaintiff's Third Amended Complaint, filed pursuant to Federal Rules of Civil Procedure 9(b), and 12(b)(6). (Doc. No. 44.) The motion has been fully briefed and the court finds it suitable for submission on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, Defendant's motion is **granted**.

I.      BACKGROUND

A.  Procedural Background

On July 27, 2020, Plaintiff filed a consumer class action complaint against Defendant, seeking damages and equitable relief for the alleged false and misleading labeling on Defendant's hand sanitizing products. (Doc. No. 1, at ¶¶ 1-8.) The complaint alleged violations of California's Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et seq;* violation of California's False Advertising Law ("FAL"), CAL. BUS.

& Prof. Code § 17500, *et seq;* violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770, *et seq;* breach of warranty; and quasi-contract.

On September 14, 2020, Plaintiff filed the First Amended Complaint. (Doc. No. 13, "FAC".) The FAC asserted FAL, UCL, CLRA, breach of express warranty, and quasi-contract claims against Defendant for misrepresenting and misleading consumers regarding the hand sanitizing products. On March 3, 2021, this court granted Defendant's motion to dismiss with leave to amend. (Doc. No. 21.)

On March 24, 2021, Plaintiff filed the Second Amended Complaint. (Doc. No. 22, "SAC".) The SAC asserted FAL, UCL, CLRA, breach of express warranty, breach of implied warranty, and quasi-contract claims against Defendant for misrepresenting and misleading consumers regarding the hand sanitizing products. On December 6, 2021, this court granted Defendant's motion to dismiss the SAC under Rule 12(b)(1) and 12(b)(6). (Doc. No. 33.) Since it was the second time leave to amended had been given, the Clerk of Court was ordered to close the case. Plaintiff promptly appealed.

In a memorandum disposition, the Ninth Circuit reversed the order granting dismissal pursuant to Rule 12(b)(1) and vacated this court's 12(b)(6) ruling. (Doc. No. 42.) The Ninth Circuit directed that Plaintiff be granted leave to file a Third Amended Complaint ("TAC"). (*Id.* at 5.[1])

On January 10, 2023, Plaintiff filed the TAC. (Doc. No. 44.) On January 24, 2023, Defendant filed a motion to dismiss. (Doc. No. 44.) Plaintiff filed his opposition to the motion[2], (Doc. No. 48) and Defendant filed its reply, (Doc. No. 49).

///

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

[2] On February 10, 2023, the Parties filed a Joint Motion for Extension of Time to File Response/Reply to the Motion to Dismiss (Doc. No. 46) which was granted by the court (Doc. No. 47).

2

**B. Allegations of the TAC.**

The TAC asserts claims under the FAL, UCL, CLRA, as well as breach of express warranty and quasi-contract claims against Defendant for misrepresenting and misleading consumers regarding the hand sanitizers (the "Products")[3]. The TAC alleges that the front-facing, principal display panel of each Product prominently states that the Product "kills 99.99% of germs" or "kill[s] more than 99.99% of germs" followed by an asterisk[4]. (TAC ¶¶ 3, 5.) Further, it is alleged that next to the asterisk on the rear panels of the Products, "in small and difficult to read print," are the statements: "Effective at eliminating more than 99.99% of many common harmful germs and bacteria in as little as 15 seconds" or "Effective at eliminating 99.99% of many common harmful germs and bacteria in as little as 15 seconds." (*Id.* ¶ 6.) The TAC alleges the Representations are false and misleading because the Products "do not kill" 99.99% of germs or disease-causing organisms. (*Id.* ¶¶ 4, 7, 19, 37, 38, 49, 83, 122, 123, 133, 172, 173, 192, 193.)

Plaintiff contends that "according to expert scientific analysis, under optimal laboratory conditions, the Products kill only approximately 47% of the 1227 organisms that are pathogenic to humans and can be transmitted by hands." (*Id.* ¶ 13.) Further, he alleges that Defendant "only tests its Products for efficacy against approximately 2% of the 1227 organisms that are pathogenic to humans and can be transmitted by hands," and that it "chooses to test its Products against only a total of 25 organisms, compromised of a total of 23 bacteria and two yeast strains." (*Id.* ¶¶ 15-16.) To illustrate his point, Plaintiff points to the Products' ineffectiveness against viruses and diseases he labels "common germs,"

---

[3] The hand sanitizers at issue include the following four brands: (1) CVS Health and/or CVS Pharmacy; (2) Equate (Walmart); (3) Germ-X; (4) Walgreen Co.

[4] The court will refer to the front label statement as the "Front Panel Representation," the rear label statement next to the asterisk as the "Rear Panel Representation" and the statements collectively as the "Representations."

including norovirus, hand foot and mouth disease, cryptosporidium, human papillomavirus ("HPV"), Hepatitis A, and C. difficile. (*Id.* ¶¶ 50-77.)

Plaintiff also alleges the Products are misbranded and are not legally saleable. (*Id.* ¶¶ 182, 183.) Plaintiff purchased each of the branded Products one or more times in stores in San Diego between November 2019 through February 2020[5]. Had Plaintiff known at the time of purchase that the Representations were false, Plaintiff alleges he would not have purchased the Products, or alternatively, would have purchased them on different terms. (*Id.* ¶¶ 127, 137, 151.)

Plaintiff seeks to represent a California Class consisting of "all citizens of California who, within four years prior to the filing of the initial Complaint, purchased Defendant's Products and who did not claim any personal injury from using the Products." (*Id*. at ¶ 155.) The TAC's Prayer for Relief includes, among other things, an order for restitution, disgorgement, and an award of compensatory, monetary and punitive damages. (*Id.* at 29.)

## II.   LEGAL STANDARDS

In its earlier orders on Defendant's motions to dismiss (Doc. Nos. 21, 33), the court outlined the applicable legal standards but will repeat them here for the sake of completeness.

Under Federal Rule of Civil Procedure 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This is because a "pleading that offers 'labels and conclusions' or 'a

---

[5] Plaintiff purchased: (1) the CVS product from a CVS store in San Diego for approximately $3.99; (2) the Equate product from a Walmart store in San Diego for approximately $3.97; (3) the Germ-X product from a Walmart store in San Diego for approximately $2.66; and (4) the Walgreens product from a Walgreens store in San Diego for $2.99. TAC ¶¶ 116, 139-142; *see also* Doc. No. 43-1, Declaration of Anthony Moreno, ¶¶ 7-10, 12.

formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). Ordinarily, for purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead fraud with particularity. "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). Even if "fraud is not a necessary element of a [particular] claim," Rule 9(b) will apply if the plaintiff has "allege[d] a unified course of fraudulent conduct and rel[ied] entirely on that course of conduct as the basis of [the] claim." *Id*. at 1103.

### III.  DISCUSSION

Defendant's main argument in support of dismissal is that because Plaintiff failed to follow the Ninth Circuit's mandate the TAC should be dismissed for this reason alone. (Doc. No. 44-1 at 14-22; Doc. No. 49 at 2- 4.)[6]

The court is persuaded by Defendant's primary argument. In its memorandum disposition regarding the 12(b)(6) portion of the dismissal, the Ninth Circuit stated:

---

[6] Defendant also seeks dismissal on the grounds that (1) Plaintiff has failed to allege facts sufficient to state a plausible claim that the Products' labels are false, deceptive or misleading; (2) Plaintiff has failed to satisfy the heightened pleading requirements of Rule 9(b); (3) Plaintiff's claim for equitable relief should be dismissed because he has not alleged that he lacks an adequate remedy at law; and (4) Plaintiff has failed to allege facts showing an entitlement to restitution. (*See generally*, Doc. No. 44-1.)

> At oral argument, responses to the panel's questions indicted that Moreno's complaint could be amended such that it would potentially survive 12(b)(6) dismissal. For example, the parties disagree about whether the complaint adequately alleges falsity as to the hand sanitizers' ability to kill only germs commonly found on hands, as opposed to all germs. The district court read the complaint as referring to all germs, but Morena contends the complaint may be amended to refer to germs commonly found on hands. Both parties agreed at oral argument that the 12(b)(6) analysis would be different under such allegations.

Doc. No 42. at 4.

Plaintiff did not comply with the Ninth Circuit's mandate to file a TAC that specifically contains allegations that the Products fail to kill 99.9% of germs commonly found on hands. Rather, the TAC contains a patchwork of statistical analysis regarding individual pathogens, (many of which are not alleged are not alleged to be commonly found on hands), as well as extended evidentiary arguments[7] all of which collectively and ultimately fall short of accomplishing the task set by the Court of Appeals. In short, the allegations focus on all germs and what germs can be transmitted by hands yet fail to focus upon germs commonly found on hands and what that means to the reasonable consumer. For this reason alone, this court **GRANTS** Defendant's motion to dismiss **WITH LEAVE TO AMEND**.

Plaintiff has up to and including *April 10, 2023*, to file the Fourth Amended Complaint.

IT IS SO ORDERED.

Dated: March 15, 2023

Jeffrey T. Miller,
United States District Judge

---

[7] Plaintiff is reminded to adhere to the guidance of Federal Rule of Civil Procedure 8.